# BELKNAP,

## JANUARY TERM, A. D. 1859.

---

## FABYAN v. RUSSELL.

When a writ of error is brought to reverse a judgment for costs, the errors, if any, are to be ascertained by a re-taxation upon the record, files and evidence, as furnished in the court below and sent to this court by the transcript; and not by new and extraneous evidence furnished here.

If the record and files of the court below are imperfect, that court may make all necessary orders to perfect them before sending the transcript to this court.

If sufficient is not sent up to tax the bill understandingly, diminution may be alleged, and a transcript of the necessary papers be obtained by *certiorari*.

It is not the practice in this State to receive oral testimony in taxing a bill of costs.

WRIT OF ERROR, brought to reverse a judgment for costs. The case was referred to a commissioner, to tax the bill and make report to the court. On the hearing before him, the plaintiff in error called upon the defendant in error to testify as a witness as to some disputed items in the bill. The defendant in error declined to testify unless this court should decide that he was bound to; and the commissioner made a special report of the fact, that the question might be decided.

*E. A. Hibbard*, for the plaintiff in error, contended that by the acts of 1857 and 1858, making parties witnesses, the

Fabyan *v.* Russell.

defendant in error was bound to testify. He also contended that, as a matter of practice, on a hearing of this kind, they had a right to the testimony ; at all events, that it was within the discretion of the commissioner to require him to testify.

*Lyford*, for the defendant in error, maintained that the act of 1858 was unconstitutional, and that the defendant could not be compelled to testify. He cited Bill of Rights, Article 23 ; *Woart* v. *Winnick*, 3 N. H. 473 ; *Calder* v. *Bull*, 3 Dal. 389.

EASTMAN, J. When a writ of error is brought to reverse a judgment for costs, the court revise the whole taxation, deducting for the items that are too large or illegally embraced in the bill, and adding wherever they are deficient; and if, upon the whole, the sum for which judgment has been rendered is not greater than what the defendant in error would have been entitled to upon a correct taxation, the judgment will not be reversed. *Bedel* v. *Goodall*, 26 N. H. (6 Fost.) 92 ; *Ford* v. *Wright*, 7 N. H. 586.

And whether there is an error, is to be ascertained upon a re-taxation upon the record, files and evidence, as furnished in the court below and sent to this court by the transcript, in the same manner as mistakes are ascertained in the court below upon a taxation on the original papers, before judgment.

According to our practice, bills of costs are made up by the attorney of the party who is entitled to them, and if the bill is not seen, so as to be agreed to by the opposing attorney, as is oftentimes the case, nor taxed by the court, the judgment is entered upon a taxation made by the attorney himself. If the attention of the other party is called to the bill, and a dispute arises as to any item, application is usually made to the presiding judge, who

examines the bill and settles what is to be allowed, or appoints a commissioner to tax the bill.

In ascertaining what shall be allowed for the attendance of a party, judicial notice is taken of the number of days the court is in session at each term, and also whether the defendant appeared and answered to the action. So, in determining what is to be allowed for travel, the court take notice of the distance and situation of the place where the party entitled to tax for travel resides. These matters appear from the writ and other papers in the case. The attendance of witnesses is shown by the returns and certificates upon the subpœnas, and other written evidence ; and it is not the practice to receive oral testimony in the taxation of costs.

When a writ of error is returned, a transcript of the record of the suit named in the writ is annexed to and returned with the writ ; and it is the duty of the defendant in error to file all necessary papers with the clerk of the court below, that the record may be properly made up and the transcript duly returned ; and if they are not so filed, the court below may make all necessary orders, so that the files may be made perfect. *Rochester* v. *Roberts,* 25 N. H. (5 Fost.) 495.

Nothing can be assigned for error which contradicts the record. The authorities sustaining this position are numerous and uniform. *Claggett* v. *Simes,* 31 N. H. (11 Fost.) 22. Lord *Bacon* says, " that the records of the courts of justice being things of the greatest credit, cannot be questioned but by matters of equal notoriety with themselves ; wherefore, though the matter assigned for error should be proved by witnesses of the best credit, yet the judges would not admit it." 2 Bac. Abr. 219.

If, when the transcript of the record is returned, it is found to be defective, so that it cannot be considered understandingly, diminution of the record may be alleged, and a *certiorari* to the court below, to perfect the same, may

Fabyan v. Russell.

be procured ; but the record itself cannot be contradicted. This bill of costs must be revised and taxed, not by new and extraneous evidence, foreign to the record, but by the transcript of the record and papers in the case sent from the court below. That transcript, united with those matters of which the court take judicial notice, must settle the correctness of the judgment for costs. If the record is defective, and sufficient has not been sent up to tax the bill understandingly, diminution may be alleged, and a transcript of the necessary papers be thus obtained. But neither the commissioner nor the court can go beyond a transcript thus perfected ; they cannot receive the oral testimony of any witnesses, nor consider any affidavits which do not come from the court below as a part of the transcript.

The defendant in error, then, cannot be required to testify in a proceeding of this kind, nor would the oral testimony of any witnesses be admissible. It therefore becomes unnecessary, in this case, to examine into the constitutionality of the act of 1858, providing that parties may be witnesses.

The report may be recommitted for the commissioner to proceed according to the principles here indicated.

In consulting upon this case, the attention of the court has been called to the loose manner in which bills of costs are frequently taxed, and the multiplicity of writs of error brought to reverse judgments for costs, and we have come to the conclusion to lay down a more stringent rule upon the subject ; to the effect that, hereafter, no costs shall be taxed except for clerk's and sheriff's fees, and travel and attendance of the party, and attorney fee, unless the same shall be agreed to, in writing, by the opposite party, or his attorney, or allowed by the clerk, in writing, or by the presiding judge, on appeal from the clerk's decision.

*Report recommitted.*